UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RANDALL RAAR,

       Petitioner,

                                        CASE NO. 11-CV-14170

v.

                                        HON. MARK A. GOLDSMITH

STEVE RIVARD,

       Respondent.

_____/

### ORDER DENYING PETITIONER'S "MOTION FOR CLAIM OF ACTUAL INNOCENCE" (Dkt. 16)

Petitioner Randall Raar has filed a pro se habeas corpus petition challenging his Washtenaw County conviction and sentence of thirty to sixty years in prison for first-degree criminal sexual conduct. Pet. at 1 (Dkt. 1); see also Mich. Comp. Laws § 750.520b(1)(a) (prohibiting sexual penetration of a person under thirteen years of age). The conviction arose from allegations that Petitioner digitally penetrated a young neighbor during the summer of 1989 or 1990 when the child was four or five years old. People v. Raar, No. 279463, 2009 WL 80357, at *1 (Mich. Ct. App. Jan. 13, 2009). Petitioner was not charged with the crime until 2006. Id. He was tried and convicted in Washtenaw County Circuit Court in 2007. See Docket Sheet (Dkt. 9-1).

The habeas petition raises fifteen claims regarding the admission and exclusion of certain evidence, the denial of a defense expert, the prosecutor's conduct and decision to prosecute Petitioner, the right to counsel of choice, the sentence, trial counsel, the limitations period, and the alleged suppression of exculpatory evidence. Pet. Br. at 4-72. Respondent argues in an

answer to the habeas petition that all of Petitioner's claims lack merit and that most of the claims are barred by the doctrine of procedural default.  Resp. Br. at 5 (Dkt. 8).

Currently pending before the Court is Petitioner's "Motion for Claim of Actual Innocence."  Pet. Mot. (Dkt. 16).  Petitioner claims to have newly discovered medical evidence, scientific evidence, eyewitness accounts, and critical physical evidence that would have altered the jury's decision if they had been aware of it.  Id.

When a habeas petitioner submits new evidence to support a "novel substantive constitutional claim," the claim is considered a freestanding claim of actual innocence.  Schlup v. Delo, 513 U.S. 298, 314 (1995).  Such claims contrast with procedural claims of actual innocence, whereby a petitioner asserts constitutional claims not based on innocence, but rather on contentions that his trial was flawed, such as through ineffectiveness of his counsel or that the prosecution withheld evidence.  Id.  Importantly, a freestanding claim of actual innocence is not a constitutional claim for which habeas relief may be granted.  Herrera v. Collins, 506 U.S. 390, 404-405 (1993).  "Few rulings would be more disruptive of [to the] federal system than to provide for federal habeas review of freestanding claims of actual innocence."  Id. at 401.  Rather, a claim of actual innocence, if proved, is a gateway through which a petitioner may pass when the impediment to substantive review of a claim is a procedural bar or expiration of the statute of limitations.  Id.; see also McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013) (holding "that a federal habeas court, faced with an actual-innocence gateway claim, should count unjustifiable delay on a habeas petitioner's part, not as an absolute barrier to relief, but as a factor in determining whether actual innocence has been reliably shown")

Petitioner raises a freestanding claim of actual innocence.  Accordingly, his claim is not cognizable in this habeas corpus action, and his motion (Dkt. 16) is denied.  Herrera, 506 U.S. at

404. The Court nevertheless will consider Petitioner's assertion of innocence if it determines that Petitioner's habeas claims are procedurally defaulted.

    SO ORDERED.

Dated: June 18, 2014                            s/Mark A. Goldsmith
     Flint, Michigan                         MARK A. GOLDSMITH
                                                  United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 18, 2014.

                                                     s/Deborah J. Goltz
                                                     DEBORAH J. GOLTZ
                                                     Case Manager